# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO MEDINA,<br><br>            Plaintiff,<br><br>    v.<br><br>HARTLEY, et al.,<br><br>            Defendants. | CASE NO. 1:10-cv-00413-SMS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY UNITED STATES MARSHALL AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 9) |

      Plaintiff Norberto Medina, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint upon which this action proceeds in the Central District such that it was transferred to this Court on January 11, 2010, and Plaintiff was granted leave to proceed in forma pauperis by the Central District Court. Now pending before the Court is Plaintiff's request that the United States Marshal be directed to serve the Complaint on Defendants and for appointment of counsel, filed March 4, 2010.

      Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1    The Court will direct the United States Marshal to serve the Complaint only after it has determined that the Complaint contains cognizable claims for relief against the named defendants. The Court has not yet screened Plaintiff's complaint, but will do so in due course. Until the Court has screened the Complaint, any request for service by the Marshal is premature and will be denied.

In the March 4, 2010, Plaintiff also requests that counsel be appointed to represent him in this action. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 309-10 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. *See Rand*, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is presented similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for service of process by United States Marshall, and Plaintiff's request for the appointment of counsel, filed March 4, 2010, are HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   April 30, 2010**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE