# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO MEDINA, | CASE NO. 1:10-cv-00413-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO |
| v. | STATE A CLAIM UNDER SECTION 1983 |
| JAMES D. HARTLEY, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## Screening Order

### I.    Screening Requirement and Standard

Plaintiff Norberto Medina, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 19, 2010.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not, and the factual allegations must be sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.   Summary of Complaint

### A.   Factual Allegations

Plaintiff is currently incarcerated at Avenal State Prison, where the events at issue in this action occurred. On August 15, 2009, Plaintiff was in the visiting area with his family from 8:30 a.m. to 4:50 p.m. During that time and unbeknownst to Plaintiff, a riot occurred in yard 2. Plaintiff was escorted back to his housing unit after the visit was over and he was walking toward his cubicle when he was attacked from behind. Plaintiff alleges that he was falsely accused of participating in the riot, which was impossible given he was in the visiting area when it occurred.

Relying on Plaintiff's attached exhibits to fill in the blanks, a race riot between Mexican national and black inmates occurred at 11:25 a.m. (Doc. 1, Comp., court record p. 5.) At 4:50 p.m., Plaintiff and inmate Wilkerson were observed fighting inside the housing unit and physical force was used to break up the fight. (Id.) Plaintiff was then placed in administrative segregation for causing "racial unrest" by fighting with inmate Wilkerson.[1] (Id.) Following an investigation, Plaintiff was found to have willfully participated in a riot and he faced disciplinary charges. (Id., p. 8.)

///

///

///

---

[1] Neither the allegations nor the exhibits identify inmate Wilkerson's race, but the Court infers from the facts that he is black.

**B.**   **Plaintiff's Claims**

**1.**   **Liability Under Section 1983**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones</u>, 297 F.3d at 934.

Further, liability may not be imposed under section 1983 against supervisory personnel for the actions or omissions of their subordinates under the theory of <u>respondeat superior</u>. <u>Iqbal</u>, 129 S.Ct. at 1948-49; <u>Simmons</u>, 609 F.3d at 1020-21; <u>Ewing</u>, 588 F.3d at 1235; <u>Jones</u>, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, ___ F.3d ___, ___, No. 09-55233, 2011 WL 477094, at *4-5 (9th Cir. Feb. 11, 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff names Warden Hartley; Associate Warden Mantel; Captain Lloren; Lieutenants Caton and Jexlacey; and Correctional Officers Ochoa, Tristan, Pires, Slusher, and Gatlin as defendants. None of the defendants is linked to a violation of Plaintiff's rights in the statement of the claim. The exhibits, however, indicate that Caton placed Plaintiff in administrative segregation, Lloren and Mantel were involved in reviewing the disciplinary documents, Jexlacey classified the rules violation report as serious, and Ochoa, Tristan, Pires, Slusher, and Gatlin were involved in breaking up the fight between Plaintiff and inmate Wilkerson, which involved the use of foam rounds and pepper spray. This minimal link does not show that Defendants violated Plaintiff's rights and as set forth in the following section, there are no facts supporting Plaintiff's claim that his constitutional rights were violated by the events at issue here.

1

## 2.   <u>Constitutional Violations</u>

2      It is not clear what constitutional rights Plaintiff believes were violated.  Although Plaintiff

3   alleges he was falsely accused of participating in the riot that occurred at 11:25 a.m., the exhibits to

4   which he refers do not support that interpretation.  Plaintiff's documentary evidence shows that he

5   was segregated and charged with a disciplinary violation for engaging in a fight with another

6   inmate – facts which are not inconsistent with Plaintiff's allegation that he was attacked from behind

7   as he walked to his cubicle following his visit.  Plaintiff was accused of engaging in a racial fight

8   during the time period of a race riot between the two groups of inmates, which led to the subsequent

9   charge of engaging in a riot.  It is clear from the documents that Plaintiff was not accused of

10   participating in the riot on the yard at 11:25 a.m. and that his disciplinary charges instead stemmed

11   from the fight at the housing unit after Plaintiff's visit ended.

12      Plaintiff seeks to have these mistakes corrected and an investigation conducted.  Given that

13   Plaintiff was not accused of the impossible - participating in the 11:25 a.m. riot – and in the absence

14   of any other facts, the Court cannot discern the basis for Plaintiff's legal claim.  To the extent that

15   Plaintiff believes a due process violation occurred, the facts do not support his claim.  Plaintiff has

16   not identified a protected liberty interest of which he was deprived without the procedural protections

17   he is due under federal law and there is no general constitutional right to be free from administrative

18   or disciplinary segregation.[2] <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); <u>Sandin</u>

19   <u>v. Conner</u>, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th

20   Cir. 2007).

21      There are also no facts alleged that would support other constitutional claims, including any

22   under the Eighth Amendment.  <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.  The Court will

23

---

24   [2] The Due Process Clause protects against the deprivation of liberty without due process of law.  <u>Wilkinson</u>,
545 U.S. at 221.  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the

25   existence of a liberty interest for which the protection is sought.  <u>Id.</u>  Liberty interests may arise from the Due
Process Clause itself or from state law.  <u>Id.</u>  The Due Process Clause itself does not confer on inmates a liberty

26   interest in avoiding "more adverse conditions of confinement."  <u>Id.</u>  Under state law, the existence of a liberty
interest created by prison regulations is determined by focusing on the nature of the deprivation.  <u>Sandin</u>, 515 U.S. at

27   481-84.  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes
atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin</u>, 515 U.S.

28   at 484; <u>Myron</u>, 476 F.3d at 718.

provide Plaintiff with an opportunity to file an amended complaint.  Plaintiff must allege facts demonstrating that his constitutional rights were violated, and he must link each named defendant to the violation of those rights. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

## III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint in the event that Plaintiff is able to cure the deficiencies identified in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint, filed January 19, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   April 7, 2011**                                   /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE