# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO MEDINA, | CASE NO. 1:10-cv-00413-SKO PC |
| Plaintiff, | ORDER ADDRESSING REQUEST FOR STATUS AND DIRECTING CLERK'S OFFICE TO RE-SERVE ORDER #18 |
| v. | |
| JAMES D. HARTLEY, et al., | (Doc. 19) |
| Defendants. | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |
| / | (Doc. 20) |

**Screening Order**

I.  **Screening Requirement and Standard**

Plaintiff Norberto Medina, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 19, 2010. On April 8, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. After obtaining an extension of time, Plaintiff filed an amended complaint on June 2, 2011.[1]

///

---

[1] The order granting Plaintiff an extension of time was returned as undeliverable, with a notation that Plaintiff was not at Avenal State Prison. Along with his amended complaint, Plaintiff filed a status request regarding his pending motion for an extension of time. Both filings list Avenal State Prison as Plaintiff's address of record. It is unclear if Plaintiff was temporarily housed elsewhere, causing the order to be returned or if the order was returned in error. Regardless, the Clerk's Office shall re-serve the order and Plaintiff's request for status is deemed addressed.

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not, and the factual allegations must be sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.    Factual Allegations**

Plaintiff's original complaint set forth more allegations than his amended complaint and was supported by exhibits. While Plaintiff's amended complaint supercedes his original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), the Court nevertheless deems it necessary to summarize the previous facts for clarity of the record.

**A.    Original Complaint**

In his original complaint, Plaintiff alleged that on August 15, 2009, he was in the visiting area at Avenal State Prison with his family from 8:30 a.m. to 4:50 p.m. During that time and

unbeknownst to Plaintiff, a riot occurred in yard 2. Plaintiff was escorted back to his housing unit after the visit was over and he was walking toward his cubicle when he was attacked from behind. Plaintiff alleges that he was falsely accused of participating in the riot, which was impossible given he was in the visiting area when it occurred.

Relying on Plaintiff's attached exhibits to fill in the blanks, a race riot between Mexican national inmates and black inmates occurred at 11:25 a.m. (Doc. 1, Comp., court record p. 5.) At 4:50 p.m., Plaintiff and inmate Wilkerson were observed fighting inside the housing unit and physical force was used to break up the fight. (Id.) Plaintiff was then placed in administrative segregation for causing "racial unrest" by fighting with inmate Wilkerson.[2] (Id.) Following an investigation, Plaintiff was found to have willfully participated in a riot and he faced disciplinary charges. (Id., p. 8.)

### B. Amended Complaint

In his amended complaint, Plaintiff alleges that Defendants Hartley and Mantel were aware of the rules violation report and the due process violations, apparently by virtue of Plaintiff's inmate appeal grieving the issue, but they failed to rectify the violations. Defendant Lloren reviewed the documents that led to Plaintiff's placement in administrative segregation, Defendant Jexlacey classified the rules violation as serious even though Plaintiff was not involved in the riot, and Defendant Caton deprived Plaintiff of a protected liberty interest by placing him in administrative segregation without due cause. Finally, Defendants Ochoa, Tristan, Pires, Slusher, and Gatlin "placed Plaintiff in harm's way by contaminating him with pepper spray even though he had" been in the visiting area and he was attacked from behind by another inmate. (Doc. 20, Amend. Comp., p. 3.)

## III. Plaintiff's Claims

### A. Linkage Requirement

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092

---

[2] Neither the allegations nor the exhibits identify inmate Wilkerson's race, but the Court infers from the facts that he is black.

3

(9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Further, liability may not be imposed under section 1983 against supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

**B.     Discussion**

In the previous screening order, the Court stated:

> It is not clear what constitutional rights Plaintiff believes were violated. Although Plaintiff alleges that he was falsely accused of participating in the riot that occurred at 11:25, the exhibits he refers to do not support that interpretation. Plaintiff's documentary evidence shows that he was segregated and charged with a disciplinary violation for engaging in a fight with another inmate, facts which are not inconsistent with Plaintiff's allegation that he was attacked from behind as he walked to his cubicle following his visit. Plaintiff was accused of engaging in a racial fight during the time period of a race riot between the two groups of inmates, which led to the subsequent charge of engaging in a riot. It is clear from the documents that Plaintiff was not accused of participating in the riot on the yard at 11:25 and that his disciplinary charges instead stemmed from the fight at the housing unit after Plaintiff's visit ended.
>
> Plaintiff seeks to have these mistakes corrected and an investigation conducted. Given that Plaintiff was not accused of the impossible - participating in the 11:25 riot - and in the absence of any other facts, the Court cannot discern the basis for Plaintiff's legal claim. To the extent that Plaintiff believes a due process violation occurred, the facts do not suggest that to be the case. Plaintiff has not identified a protected liberty interest of which he was deprived without the procedural protections he is due under federal law and there is no general constitutional right to be free from

    administrative or disciplinary segregation.[3] Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

    There are also no facts alleged that would support other constitutional claims, including any under the Eighth Amendment. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. The Court will provide Plaintiff with one opportunity to file an amended complaint. Plaintiff must allege facts demonstrating that his constitutional rights were violated, and he must link each named defendant to the violation of those rights. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

(Doc. 16, Screening Order, 4:2-5:4.)

    Plaintiff's amended complaint does not cure any of these deficiencies. The constitutional violations implicated by Plaintiff's allegations are the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment. However, Plaintiff has not demonstrated that he was deprived of a protected liberty interest without due process of law. Wilkinson, 545 U.S. at 221. Plaintiff does not have a recognized right to remain free from administrative segregation and therefore, the conclusory allegation that he was placed there without cause does not support a claim. Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 481-84; Myron, 476 F.3d at 718. Likewise, Plaintiff's vague allegation regarding the issuance of a rules violation report does not support a due process claim. Finally, the allegation that Plaintiff was contaminated with pepper spray does not, under the circumstances described in both pleadings, support a claim that Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 7-9, 112 S.Ct. 995 (1992).

///

///

---

[3] The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson, 545 U.S. at 221. In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin, 515 U.S. at 481-84. Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Myron, 476 F.3d at 718.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims but he was unable to cure them in his amended complaint, and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for status is deemed addressed and the Clerk's Office shall re-serve order #18;
2. This action is dismissed, with prejudice, for failure to state a claim under section 1983; and
3. The dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   June 13, 2011**              /s/ Sheila K. Oberto
                               UNITED STATES MAGISTRATE JUDGE