# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

NORBERTO MEDINA,

Plaintiff,

v.

JAMES D. HARTLEY, et al.,

Defendants.

_____/

CASE NO. 1:10-cv-00413-SKO PC

ORDER DENYING MOTION FOR
RECONSIDERATION, WITH PREJUDICE

(Doc. 24)

Plaintiff Norberto Medina, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 11, 2010.  On June 14, 2011, this action was dismissed, with prejudice, for failure to state a claim under section 1983.  28 U.S.C. § 1915A(a). On June 22, 2011, Plaintiff filed an objection, which the Court construes as a motion for reconsideration.  Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief, and it "is to be used sparingly as an equitable remedy to prevent manifest injustice . . . only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control. . . ."  Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

1

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff argues that the Court erred in dismissing his case for failure to state a claim. However, Plaintiff's disagreement with the Court's decision is not grounds for reconsideration. The Court thoroughly reviewed Plaintiff's original and amended complaints. Plaintiff's allegations did not support a plausible claim that Defendants acted with deliberate indifference to a substantial risk of harm to Plaintiff's safety, in violation of the Eighth Amendment, and Plaintiff's motion for reconsideration contains no facts that suggest the existence of a plausible Eighth Amendment claim. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Prisons are inherently dangerous institutions, Lewis v. Casey, 518 U.S. 343, 391, 116 S.Ct. 2174 (1996) (quotation marks omitted), and the allegation that Plaintiff was attacked by another inmate does not, in and of itself, support an Eighth Amendment claim, Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994). Plaintiff's factual allegations do not support his bare contention that Defendants were deliberately indifferent to his safety and dismissal of the action was therefore appropriate. Farmer, 511 U.S. at 847.

Accordingly, Plaintiff's motion for reconsideration, filed June 22, 2011, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   June 24, 2011**          **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

2